Mtnshall, C. J.
The defendant was tried and convicted upon an indictment presented by the grand jury of the county. The indictment contained four counts. The conviction was had upon the first. The others, so far as the question here is concerned, are immaterial. The first count charged that the defendant, being the clerk of the city of Steubenville, on September 5, 1893, “did then and there, unlawfully and knowingly, divert, appropriate and apply certain funds of said city of Steubenville, to wit: moneys in the sum of ninety- *308 three dollars and seventy-five cents, belonging, to the ‘ Public Light Fund ’ of said city, to other use and purpose than that for which the same was raised, by then and there converting- the same to the use of him, the said William R. Johnson, the same having been raised under the laws of the state of Ohio for the use of said public light fund,” and it came into his hands in pursuance of the ordinances of the city. The jury found the.defendant guilty as charged in the first count, and not guilty as charged in the other counts; the other counts differing from the first only in the averment as to the official character in which the defendant acted — the second count charging him as “agent,” the third as “officer,” and the fourth as “servant.” The jury also found that the defendant “diverted and appropriated $93.75 to a use and purpose other than that for which it was raised.” A motion was made in arrest of judgment, on the ground that the facts stated in neither count of the indictment constitute an offense under the laws of Ohio. The motion was sustained, and the prosecuting- attorney excepted to the ruling, and brings the question here for review upon a bill of exceptions.
It is claimed, and seems to be conceded by the prosecuting attorney, that the indictment was drawn to support a conviction under section 6846, Revised Statutes; and the question is whether its averments are sufficient for that purpose. We are of the opinion that they are not. That section reads as follows: “A member of the councilor board of aldermen of any municipal corporation, or an officer, agent, clerk, or servant of such corporation, or of any board or department thereof, or any officer, agent, clerk or servant of any board of education, who knowingly diverts, appropriates, *309 or applies any funds or part of any fund raised under any law by taxation or otherwise, to any other use or purpose than that for which it was raised or appropriated, or who knowingly diverts, appropriates, or applies any money borrowed, or any bond of the corporation, or any part of the proceeds of such bond, to any other use or purpose than that for which such loan was made, or bond issued, shall be deemed guilty of embezzling the amount so diverted, appropriated, or applied, and punished accordingly.” The purpose of this section seems very clear, from the languageemployed. It is not to punish any act of an officer or agent of a corporation, done with the view of personal gain, such as converting money under his control to his own use, but his act as such officer or agent, knowingly done for the purpose of diverting or misapplying the money belonging toa particular fund, or raised for a particular purpose, to some other fund or municipal purpose than that for which it was raised.
The offense of converting money or property, intrusted to the care of a person, to his own use, that is, embezzlement in its proper sense, is punished by the previous sections of the statutes. This offense is not of that character. This more fully .appears from the history of the section. On May 7, 1869, what is known as the Municipal Code was adopted. 66 Ohio L., 149. It provided in chapter 53 thereof for the creation of a “sinking-fund” for the gradual extinguishment of the bonds and funded debt of municipal corporations ; and to secure the preservation of this fund, it was enacted, in section 675, that “If any member of the council, or officer of the corporation, shall knowingly divert or appropriate the tax *310 or shaking fund raised under this act, to any other purpose than that to which it is by this act appropriated, he shall, on conviction,” be punished as therein provided. 66 Ohio L., 263. By an amendment, passed April 7, 1876, 73 Ohio L., 116, this section was so extended as to make it an offense for any member of the council, officer or ag’ent of the corporation, to knowingly divert or apply any fund to a use or purpose for which it was not raised. This section as amended was further extended and made to include the misapplication of loans and bonds, and of the funds of a board of education, and is now the section of the Revised Statutes in question. A disregard of the inviolability, intended by the legislature, of sinking funds and finally of all funds raised for a particular purpose, without doubt, induced the enactment of section 6846, and of the sections of which it is a revision, and its object is to punish the agent concerned in the diversion. It is therefore clear that the averments of the indictment are not sufficient to constitute an offense under this section. It is true the indictment avers that the defendant knowingly diverted and appropriated the moneys of the public light fund of the city to uses other than those for which the fund was raised ; but this was done, as the indictment proceeds to aver, by converting the same to the use of the defendant. Such conversion constitutes an offense under section 6841, punishing the embezzlement of public money.
If the evidence had been sufficient to support a conviction under this section, it is possible that, by a liberal construction, the indictment might have been construed to charge such an offense. It does not follow the usual form of such an *311 indictment, Wilson’s Ohio Criminal Code, 69, and the prosecuting attorney does not claim that it was drawn under section 6841; his claim is that it is under the following’ section, 6846. To regard it as drawn under the prior section, the averment that the defendant did unlawfully and knowingly divert, appropriate and apply certain funds, the public light fund of the city, to other use than that for which they were raised, would have to be regarded as surplusage. But we need not decide the question here. A good prosecutor, intending to charge an offense under section 6841, would most likely follow forms based on the language of’ the section, and omit all immaterial averments. The jury in their verdict found that the defendant ’“diverted and appropriated $93.75 to a use and purpose other than that for which it was raised.” The evidence is not contained in the bill of exceptions ; so that this court cannot know that the jury meant by this something not expressed in the language. It is certainly not equivalent to a finding that he converted the money to his own use, and is consistent with the fact that he did not. So that we cannot say that the court erred in arresting the judgment.

Exceptions overruled.